VALEMONT REALTY CORPORATION, A CORPORATION OF NEW JERSEY, PROSECUTOR, v. BOARD OF PUBLIC UTILITY CMMISSIONERS OF THE STATE OF NEW JERSEY, DEFENDANT.

Argued October 7, 1930—Decided January 8, 1931.

Before Justices CAMPBELL and BODINE.

For the prosecutor, *Osborne, Cornish & Scheck.*

For Rockland Electric Company, *Carey & Lane.*

PER CURIAM.

The prosecutor seeks to review an order of the board of public utility commissioners purporting to be made pursuant to *Pamph. L.* 1925, *p.* 550, granting to the Rockland Electric Company a certificate of approval for the condemnation of a right of way across lands of the Valemont Realty Company, in Bergen county. The act, so far as pertinent, provides as

follows: "Any corporation now or hereafter organized and existing under and by virtue of any law of this state for the purpose of supplying electricity for light, heat or power, and defined as a public utility * * * in case it cannot acquire any land or interest therein which may be reasonably necessary for the distribution of electricity to the public * * * by reason of disagreement as to the price * * * may take or acquire such land or interest therein as may be reasonably necessary for a right of way under the Eminent Domain act of 1900."

"None of the rights and powers conferred by this act shall be used or enforced by any such corporation until and unless such corporation shall have applied to the board of public utility commissioners of this state upon the petition of such corporation and the board of public utility commissioners after due notice * * * shall have found that the property desired is reasonably necessary for the service, accommodation, convenience or safety of the public, and that the taking of such property is not incompatible with the public interest and would not unduly injure the owners of private property."

The Rockland Electric Company filed its petition May 31st, 1928. It had previously offered the Valemont Realty Company $4,400 for a proposed right of way to be used for a transmission line—the right of way to be one hundred feet wide and two thousand two hundred feet long. The land company making some objection to the location of. the route, an amendment to meet its convenience was suggested before the hearing commenced. On October 31st, 1929, before the Valemont Company began its defense, a formal amendment was made abandoning the original route and seeking the right to condemn an alternative route. During the hearing an offer of $3,000 was made for this route. It later transpired that objection was made to the board taking action on the amended route because no offer of purchase had been made before the petition was filed. The board decided to consider the matter on the original petition and found that the lands were reasonably necessary for the service, accommodation, convenience or safety of the public, and that the taking of

such property was not incompatible with the public interest and would not unduly injure the owners of private property.

The proceedings before the board consumed many days. The original petition contained allegations of every jurisdictional fact. The amendment was made to suit the convenience of the prosecutor. Of course, no offer to purchase the route could be made in advance of filing the petition since the amended route was a mere compromise suggested to meet the convenience of the land company, and not suggested till after the petition was filed. No reason is given why the board, when their jurisdiction was questioned because of the amendment, could not consider the matter on the original petition.

Certainly, the board with the parties before it could consider the evidence bearing upon the petition filed and make the proper adjudication. The issue before the board was the matter of a right of way across the Valemont Realty Company's land. A written petition was before the board. A *bona fide* offer appears to have been made for a route. The testimony adduced showed the public necessity and the lack of undue private injury. The Realty Company cannot complain because a less favorable route was allowed because it, at the close of the hearing, raised a technical objection to the jurisdiction of the board to consider a route suggested to meet its own convenience. The adjudication was responsive to the issues tendered by the petition filed and in accordance with the proofs adduced during long and tedious hearings.

It is apparent from our examination of the record that there was always and is now a disagreement as to the price to be paid for the land in question. It is also apparent that the Rockland Electric Company endeavored, but was unable to agree with the owner as to a fair price for the property.

"We cannot substitute our judgment for that of the board where there is evidence which supports the order under review." *Commonwealth Water Co.* v. *Board,* 1 *N. J. Mis. R.* 355, 356.

The statute provides that in case the land cannot be ac-

quired from the owner "by reason of disagreement as to the price," the board shall have jurisdiction. Prosecutor contends that there was no offer of a price which included consequential damages. This contention, even though sound, does not affect the jurisdiction of the board. The board found that there was a *bona fide* offer, and that the refusal to accept constituted a disagreement as to price. In this, we think there was no error. A condemnation commission will no doubt consider all the elements necessary to the award of just compensation. The board is solely concerned with a disagreement as to price.

The evidence supports the findings of the board that the property is reasonably necessary for the service and is not incompatible with the public interest, and that its taking does not unduly injure the owners thereof. It is, however, suggested that the amended route would occasion less injury to the Valemont Company. We hardly agree that such circumstance amounts to an undue injury to the company. But at all events, the change of routes was made necessary by the Realty Company's objection to a consideration of the amended route. Every opportunity was offered to open the case for the purpose of introducing further evidence. The length of the record indicates that there was little more that could be said on the subject, and that all the relevant evidence was adduced. The Realty Company may not complain of its own action.

Lastly, it is argued that the statute does not by the words "for the distribution of electricity to the public" embrace transmission lines and that hence the Rockland Electric Company does not come within its terms, and the board was without jurisdiction. Transmission lines are of no purpose save to distribute electricity to the public. The public are the ultimate consumers of the current carried by transmission lines, and the construction contended for by the prosecutor is far too narrow. The legislature certainly never intended to so divide the distribution of electricity into different classes of wires.

We find no merit in the other points suggested.

The order under review is sustained.